**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20742
Summary Calendar

FAVIS CLAY MARTIN,

Plaintiff-Appellant,

VERSUS

D. B. MCELVANEY; ET AL.

Defendants,

D. B. MCELVANEY; B. C. DIXON,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas

(H-84-CV-2176)

May 14, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Favis Clay Martin, Texas prisoner 11809-077, filed suit under
42 U.S.C. § 1983 alleging that D.B. McElvaney and Ernest Dixon,
both employees of the Texas Department of Criminal Corrections,
subjected him to excessive force and intentionally inflicted

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

emotional distress upon him in violation of the Eighth Amendment of the United States Constitution and also of Texas law. After a jury rendered a verdict of acquittal, Martin filed an appeal in which he contended that the district court improperly instructed the jury. We reversed and remanded for a new trial.[2] In our opinion, we dismissed the defendants' assertion that their entitlement to qualified immunity in the first instance rendered a remand unnecessary. We refused to address substantively the issue of qualified immunity because the defendants had not raised the argument in the district court. Instead, we elected to "leave it for the district court to decide [on remand].[3]

On remand, the defendants filed a motion for summary judgment. The district court denied the motion without prejudice to allow the defendants to renew the motion after amending their answer to Martin's complaint. The defendants then sought leave to file a supplemental answer in which they would assert the defense of qualified immunity. The district court granted leave, and the defendants submitted an amended answer along with a renewed motion for summary judgment. The district court found that McElvaney and Dixon were entitled to qualified immunity and thus granted the motion. Martin filed a timely notice of appeal. We affirm.

Martin alleges two assignments of error: (1) the district

---

[2] *Martin v. McElvaney*, 92-2103, slip op. (5th Cir. August 1, 1994).

[3] Id. at 14.

2

court erred in considering the issue of qualified immunity on remand, and (2) the district court improperly found that the defendants were entitled to qualified immunity. We address each argument in sequence.

The district court did not err in considering the qualified immunity issue. In our previous opinion, we explicitly reserved for the district court the right to consider the qualified immunity issue. Furthermore, we did not hold that the defendants had waived the argument by failing to raise it at the outset of the litigation.[4]

A <u>de novo</u> review[5] of the record shows that the district court properly granted summary judgment for the defendants on the basis of their entitlement to qualified immunity. We apply a bifurcated test in assessing the question of qualified immunity: First, we determine whether the plaintiff has alleged the violation of a clearly established constitutional right under the current state of the law. Second, we decide whether the defendants' conduct was objectively reasonable, measured by reference to the law as clearly established at the time of the alleged conduct.[6]

---

[4] We also note that the district court did not abuse its discretion in granting the defendants leave to amend their pleading. Leave shall be freely given when justice so requires. <u>See</u> Fed. R. Civ. P. 15(a).

[5] <u>See</u> *Weyant v. Acceptance Ins. Co.*, 917 F.2d 209, 212 (5th Cir. 1990).

[6] *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997).

The first part of the test is governed in part by *Hudson v. McMillian*,[7] a case in which the Supreme Court held that a plaintiff need not necessarily demonstrate that he suffered a significant injury to properly allege a violation of a clearly established constitutional right.[8] The Court stated that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is .... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[9] The Court went on to list several factors that should guide this inquiry: (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of the forceful response.[10]

Martin alleged that the defendants maliciously injured him in retaliation for testimony that he gave at a prison disciplinary hearing.[11] Drawing all inferences in the light most favorable to

---

[7] 503 U.S. 1 (1992).

[8] Id. at 6-8.

[9] Id.

[10] Id. at 7-8.

[11] Martin specifically alleges that he testified on behalf of another inmate at a disciplinary hearing over which McElvaney presided. McElvaney accused Martin of lying and ordered that he be placed in administrative segregation. Approximately one hour

4

Martin,[12] it appears that he has alleged a violation of clearly established law.

Nevertheless, McElvaney and Dixon are still entitled to qualified immunity if their action was objectively reasonable as measured by law clearly established at the time of the incident. At time Martin's injury occurred, the controlling law in excessive force Eighth Amendment claims was that articulated in *Shillingford v. Holmes*.[13]  Under *Shillingford*, a prison official's action was redressable under § 1983 only if the action "caused severe injuries, was grossly disproportionate to the need for action under the circumstances, and was inspired by malice rather than mere carelessness or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience."[14] Accordingly, we must review the objective reasonableness of McElvaney's and

---

later, Dixon retrieved Martin from his cell and escorted him to McElvaney's office.  Once inside the office, McElvaney directed Martin to empty his pockets onto the desk.  Martin complied, but McElvaney swept the items off the desk.  When he bent over to pick everything up, Dixon placed his foot on the back of Martin's hand, and McElvaney grabbed Martin by his hair and hit him in the face while calling him a liar and a troublemaker.  Dixon then began to kick Martin in the back.  As a result of the attack, Martin suffered swollen eyes, a bruised nose and split lip.  Officials ignored his requests for medical attention.

[12] *Newell v. Oxford Management, Inc.*, 912 F.2d 793, 795 (5th Cir. 1990).

[13] 634 F.2d 263 (5th Cir. 1981).

[14] Id. at 265.

Dixon's conduct under these standards.[15] Martin has failed to raise a genuine issue of material fact as to the severity of the injuries he allegedly suffered at the hands of the defendants. Even if Martin suffered minor injuries, they were not so grievous as to warrant constitutional relief under *Shillingford*.[16] The defendants were therefore entitled to summary judgment on the basis of qualified immunity.

As we have stated in the past, "we are not unmindful that the bifurcated qualified immunity analysis leads to a somewhat schizophrenic approach; i.e., the application of *Hudson* to the question of constitutional violation coupled with the application of *Shillingford* to the objective reasonableness question, even though *Hudson* jettisoned *Shillingford's* severe injury element. Nevertheless, this is the proper framework to apply."[17]

The judgment of the district court is affirmed.[18]

---

[15] See *Rankin v. Klevenhagen*, 5 F.3d 103, 109 (5th Cir. 1993).

[16] See *Raley v. Fraser*, 747 F.2d 287, 289 (5th Cir. 1984) (bruises on arm, scrapes on face, welts raised by handcuffs, sore throat and hoarse voice resulting from choke hold not severe injuries).

[17] *Rankin* at 109.

[18] We reject Martin's argument that he has been deprived of an effective appeal.